The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUSAB MOHAMMED MASMARI,<br><br>Defendant. | NO. CR14-122RSM<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney for said District, Defendant, MUSAB MOHAMMED MASMARI, and his attorneys, Jeffrey D. Cohen and Charles Swift, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

Plea Agreement (*United States v. Masmari*) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

following charge contained in the Information: *Arson*, as charged in Count 1, in violation of Title 18, United States Code, Section 844(i).

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document and also waives any objection to venue. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of *Arson*, as charged in Count 1, are as follows:

First, Defendant knowingly and maliciously damaged or destroyed a building or other real property;

Second, the building or real property was used in interstate commerce or in any activity affecting interstate commerce; and

Third, Defendant used means of fire or an explosive.

4. **The Penalties.** Defendant understands that the statutory penalties for the offense of *Arson*, as charged in Count 1, in violation of Title 18, United States Code, Section 844(i), are as follows: imprisonment for mandatory minimum term of five (5) years, and up to 20 years in prison, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to five (5) years, and a special assessment of one hundred dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a jury of his peers;
   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against Defendant at trial;
   f. The right to compel or subpoena witnesses to appear on his behalf at trial;
   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and
   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to

afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

> On December 31, 2013, at approximately 11:30 p.m., Musab Masmari entered the Neighbours Nightclub, located in the Capital Hill neighborhood of Seattle, Washington. Prior to entering Neighbours, Masmari planned to commit an arson at the club on New Year's Eve.
>
> When he entered Neighbours, Masmari was carrying a one-gallon gasoline container, filled with gasoline. The container was concealed in a shopping bag.

Shortly after midnight, on January 1, 2014, Masmari poured some of the gasoline on a flight of stairs inside Neighbours. Masmari then concealed the gasoline container behind a planter at the top of the stairs. The container was still more than half-full of gasoline.

Shortly thereafter, at approximately 12:06 a.m., Masmari used a flame to ignite the gasoline he had poured on the stairs, causing a fire inside of Neighbors. Immediately thereafter, Masmari exited the nightclub in a hurried manner and departed the area.

At the time of the fire, there were approximately 750 patrons inside of Neighbours. Masmari was aware that the fire he started created a substantial risk of death and/or serious bodily injury to some or all of the patrons.

Neighbours Nightclub is a business entity that engages in interstate commerce by, among other things, buying and selling beer, wine, liquor, and food manufactured outside of the State of Washington; being insured by an insurance company located in New Jersey; and using a credit card processing company located in Pennsylvania.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 24, pursuant to USSG § 2K1.4(a)(1)(A), because Defendant knowingly created a substantial risk of death or serious bodily injury to any person other than a participant in the offense; and

The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

**10. Agreement as to Sentencing Recommendation.** The government and Defendant agree to jointly recommend a custodial sentence of 60 months, to be followed by a term of supervised release of five (5) years. Defendant understands that these are only the recommendations of the parties, and that the Court is free to accept or reject these recommendations.

**11. Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In addition, the government and Defendant understand that if Defendant enters the plea of guilty and abides by all conditions of this Plea Agreement, the King County Prosecuting Attorney's Office agrees not to refile charges against Defendant arising out of the arson at Neighbours on January 1, 2014.

Defendant further recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence

available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted. Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of his release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

//
//
//
//

**13. Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b.    any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**14. Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

**15. Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor, with the exception of the King County Prosecuting Attorney's Office as set forth in Paragraph 11 above.

Dated this 2nd day of May, 2014.

_____
MUSAB MOHAMMED MASMARI
Defendant

_____
JEFFREY D. COHEN
Attorney for Defendant

_____
CHARLES SWIFT
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney