Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUSAB MOHAMMED MASMARI,

Defendant.

NO. CR14-122RSM

UNITED STATES'
SENTENCING MEMORANDUM

## I.    Introduction.

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney, hereby files this Sentencing Memorandum regarding defendant Musab Mohammed Masmari.

The government respectfully recommends that the Court impose a custodial sentence of 60 months' imprisonment. This is a substantial upward departure from the applicable Sentencing Guidelines range of 37-46 months. As set forth below, the nature and seriousness of this offense and the defendant's history and characteristics warrant this significant upward departure.

In addition, the government recommends that the Court impose the statutory maximum term of three years of supervised release, with all of the conditions of

Sentencing Memorandum -1

1  supervision recommended by the U.S. Probation Office, and in particular the conditions
2  that Masmari participate in substance abuse and mental health treatment programs
3  immediately upon his release from federal prison.

4  **II.      The Facts of the Case.**

5        The Presentence Report and the Statement of Facts contained in the Plea
6  Agreement provide an overview of the offense conduct in this case.  On December 31,
7  2013, at approximately 11:30 p.m., Musab Masmari entered the Neighbours Nightclub,
8  located in the Capital Hill neighborhood of Seattle, Washington.  Prior to entering
9  Neighbours, Masmari planned to commit an arson at the club on New Year's Eve.

10       When he entered Neighbours, Masmari was carrying a one-gallon gasoline
11  container, filled with gasoline.  The container was concealed in a shopping bag.  Shortly
12  after midnight, on January 1, 2014, Masmari poured some of the gasoline on a flight of
13  stairs inside Neighbours.  Masmari then concealed the gasoline container behind a planter
14  at the top of the stairs.  The container was still more than half-full of gasoline.

15       Shortly thereafter, at approximately 12:06 a.m., Masmari used a flame to ignite the
16  gasoline he had poured on the stairs, causing a fire inside of Neighbors.  Immediately
17  thereafter, Masmari exited the nightclub in a hurried manner and departed the area.  At
18  the time of the fire, there were approximately 750 patrons inside of Neighbours.
19  Masmari admits that he was aware the fire he started created a substantial risk of death
20  and/or serious bodily injury to some or all of the patrons.

21       A lengthy and thorough investigation by the Seattle Police Department and the
22  Federal Bureau of Investigation identified Masmari as the likely suspect, and photographs
23  of him at Neighbours were released through the media in an effort to locate witnesses
24  who were able to identify him.  Masmari became aware of the news coverage and
25  expressed concern to a cooperating witness.  The next day, Masmari booked a one-way
26  ticket to Turkey.  He was arrested on his way to the airport, in possession of nearly all of
27  his belongings and personal items.  He was attempting to flee the jurisdiction to avoid
28  apprehension and prosecution for his serious crime.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**III.     The Charges and the Plea Agreement.**

On May 1, 2014, Masmari entered a guilty plea to a one count Information charging him with the offense of Arson, in violation of Title 18, United States Code, Section 844(i).  Under the plea agreement, both the government and the defendant have agreed to recommend a sentence of 60 months of imprisonment.

**IV.     The Sentencing Guidelines Calculations.**

The government has no objections to the Sentencing Guidelines calculations set forth in the Presentence Report.  We concur that the defendant has a total offense level of 21, a Criminal History Category of I, and an advisory sentencing range of 37-46 months.

**V.     Sentencing Recommendation.**

As previously noted, a 60-month sentence in this case would represent a substantial upward departure from the applicable Sentencing Guidelines range of 37-46 months.  The government submits that a 60-month sentence is appropriate under an analysis of the various sentencing factors found at Title 18, United States Code, Section 3553(a).

**A.     The Nature and Circumstances of the Offense.**

The offense of conviction is an extremely serious one, and the circumstances of the offense are greatly concerning.  Masmari planned his arson to take place on New Year's Eve at a busy nightclub full of approximately 750 patrons.  This was not a spur-of-the-moment type of crime.  It took careful planning and forethought to obtain a gas container, fill it with gasoline, smuggle it into Neighbors, and execute the arson plan without being detected inside the nightclub.

The defendant has admitted that this offense caused a substantial risk of death or serious bodily injury to the patrons inside of the nightclub, and thus the most serious (highest scoring) Sentencing Guideline provisions for an Arson offense have been triggered in this case.  As has been articulated eloquently by Neighbors employee Shaun Knittel in his Victim Impact Statement, but for the tremendous response to this dangerous incident by the Neighbors staff and patrons, there could have been many serious injuries,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

or even worse.  The fact that there were no such injuries or fatalities is a credit to those who were working at Neighbors that night, and to the responsibility and orderliness of the club's patrons.

The defendant's motive in committing the arson also justifies an upward departure sentence of 60 months.  As indicated in the Presentence Report, Neighbors is advertised as "Seattle's largest and longest running gay club."  PSR ¶ 6.  The balance of the evidence uncovered during this investigation suggests that this was a hate crime. Specifically, this evidence indicates that the defendant targeted Neighbors and its patrons because he viewed Neighbors as a prominent "gay bar."  For example, Masmari had conversations with a cooperating witness during which he expressed his general hostility towards homosexuality.  PSR ¶ 11.  In addition, one of Masmari's close associates was interviewed by investigators and reported that Masmari confided in him that he "burned a gay club" and that he did it because "what these people are doing is wrong."  Masmari's intolerable hate crime motive is an extremely aggravating factor in this case, and warrants the imposition of a sentence substantially above the standard Guidelines range.[1]

An upward departure sentence of 60 months also will serve the important sentencing purpose of providing adequate general deterrence and sending a strong message to the community.   This sentence would emphasize how seriously the government and the Courts view violent crimes such as Arson – in particular when they are motivated by intolerable bias and discrimination.

**B.    History and Characteristics of the Defendant.**

The defendant's history and characteristics also weigh in favor of an upward departure 60-month sentence.  Although the Probation Office correctly calculates the defendants' criminal history category at the minimum category of I, this under-represents

---

[1] In order to avoid a potential appellate issue, the government is *not* arguing for the application of the sentencing enhancement under USSG § 3A1.1, which requires proof beyond a reasonable doubt.  However, in this particular case, the application of the § 3A1.1 enhancement is essentially moot, because the resulting Guidelines range would be only 51-63 months, not significantly different from the government's recommendation of 60 months.  Regardless, and as emphasized above, the government submits that Masmari's hate crime motivation should be considered an extreme aggravating factor for sentencing purposes.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the extent of the defendant's derogatory contacts with law enforcement and the actual danger he poses to the community.  The defendant has one misdemeanor conviction for Assault in 2013, during which he spit in the face of a police officer and harassed a witness while brandishing a pool cue.  At the time, other witnesses described Masmari as someone who had been "terrorizing the neighborhood."  PSR ¶ 26.  This seems to be an apt description, because during 2013, Masmari was arrested on multiple other occasions for, among other things, Assault, Physical Control of a Vehicle While Intoxicated, and a violation of a domestic violence no-contact order.  Simply put, Masmari's conduct was spiraling out of control during 2013, and it escalated to the point of his violent crime on New Year's Eve.

It is clear that much of Masmari's criminal conduct was fueled by his substance abuse (in particular alcohol), mental health issues, or both.  Therefore, the recommended conditions that Masmari participate in substance abuse and mental health counseling are appropriate, and will be an important component of keeping the community safe upon Masmari's release from prison.   The community will best be protected from the defendant in the future by requiring him to undergo mental health and substance abuse treatment after he is released, under the watchful eye of the Court and the Probation Office.

//
//
//
//
//
//
//
//
//
//

Sentencing Memorandum -5

**VI.    Conclusion.**

For the reasons set forth above, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 60 months and a term of supervised release of three years, with the conditions of supervised release requiring that the defendant participate in substance abuse and mental health treatment programs as directed by the Probation Office.

DATED this 24th day of July, 2014.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

   */s Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2636
E-mail: Todd.Greenberg4@usdoj.gov

1

<u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on July 24, 2014, I electronically filed the foregoing with the

4   Clerk of Court using the CM/ECF system which will send notification of such filing  to

5   the attorney of record for the defendant.

6

7                                                    *s/Janet K. Vos*

8                                            JANET K. VOS
                                              Paralegal Specialist
9                                            United States Attorney's Office
                                              700 Stewart Street, Suite 5220
10                                          Seattle, Washington 98101-1271
                                              Phone: (206) 553-5041
11                                          Fax:   (206) 553-0755
                                              E-mail:  Janet.Vos@usdoj.gov
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sentencing Memorandum -7